UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL VALERA,<br><br>              Plaintiff,<br><br>       v.<br><br>D. CHAVEZ, et al.,<br><br>              Defendants. | No.  2:24-cv-0336 DJC CKD P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief against a
2    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
3    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

6    The court has reviewed plaintiff's complaint and finds that plaintiff may proceed on
7    claims arising under the Eighth Amendment for excessive use of force against defendants
8    Chavez, Stenner, Gonzalez, Jones, Corter, Rangel, Yang, Dingfelder, and Ficker.

9    At this point, plaintiff has two options:  proceed on the claims identified above or file an
10   amended complaint in an attempt to cure deficiencies with respect to the other claims.
11   If plaintiff chooses to proceed on the claims described above, the court will construe this as a
12   request to voluntarily dismiss the additional claims and pursuant to Rule 41(a)(1)(i) of the Federal
13   Rules of Civil Procedure.

14   With respect to plaintiff's other claims and assertions, plaintiff is informed as follows:

15   1.   Prison officials generally cannot retaliate against inmates for exercising First
16   Amendment rights.  <u>Rizzo v. Dawson</u>, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's
17   First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires
18   a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the
19   correctional institution or was not tailored narrowly enough to achieve such goals."  <u>Id.</u> at 532.
20   The plaintiff bears the burden of pleading and proving the absence of legitimate correctional
21   goals for the conduct of which he complains.  <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995).

22   Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a
23   causal connection between the adverse action and the protected conduct.  <u>Watison v. Carter</u>, 668
24   F.3d 1108, 1114 (9th Cir. 2012).  It is not sufficient to simply allege the adverse action was a
25   result of protected conduct as plaintiff does in his complaint.

26   2. Plaintiff alleges his right to due process was denied by the filing of a false report.
27   However, plaintiff fails to indicate the report led to plaintiff suffering any injury or that he was
28   denied any process due following the report.

3. Plaintiff asserts his Fourth Amendment right to "be secure in his person" was violated when correctional officers beat him. ECF No. 1 at 6. However, the Fourth Amendment concerns searches and seizures, not punishment as does the Eighth Amendment.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the claims described herein. In the alternative, plaintiff may choose to file an amended complaint to fix the deficiencies identified in this order with respect to the remaining claims.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file an amended complaint.

5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claim identified above.

Dated: September 8, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
argu1730.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL VALERA,<br><br>　　　Plaintiff,<br><br>v.<br><br>D. CHAVEZ, et al.,<br><br>　　　Defendants | No.  2:24-cv-0336 DJC CKD P<br><br><br>NOTICE OF ELECTION |

**Check only one option:**

_____  1. Plaintiff wishes to proceed on claims arising under the Eighth Amendment for excessive use of force against defendants Chavez, Stenner, Gonzalez, Jones, Corter, Rangel, Yang, Dingfelder, and Ficker.

_____  2. Plaintiff wants time to file a first amended complaint.

DATED:



　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

4